UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRITTANY STALLINGS,

Defendant.

NO.: 26-mj-100 (KMM/EMB)

**MOTION TO DISMISS FOR OUTRAGEOUS GOVERNMENT MISCONDUCT AND FOR AN EVIDENTIARY HEARING**

Brittany Stallings moves this Court to dismiss the information because the Government engaged in outrageous conduct in violation of the Due Process clause of the Fifth Amendment. The defense of outrageous government conduct focuses on the Government's actions. *See United States v. Cannon,* 88 F.3d 1495, 1506 (8th Cir.1996). Outrageous government conduct occurs "[w]here the government essentially generates a new crime for the purpose of prosecuting it or induces a defendant to become involved for the first time in certain criminal activity, as opposed to merely interposing itself in an ongoing criminal enterprise. *United States v. Mosley*, 965 F.2d 906, 911 (10th Cir. 1992) (citing cases); *see also United States v. Boone,* 437 F.3d 829, 842 (8th Cir. 2006); *United States v. Pardue,* 983 F.2d 835, 841 (8th Cir.1993); *United States v. Huff,* 959 F.2d 731, 734 (8th Cir.1992); *United States v. Mazzella,* 768 F.2d 235, 238 (8th Cir.1985).

When a defendant raises "specific facts that are sufficient to raise a significant doubt about the propriety of the government's actions," this Court should hold an evidentiary hearing to develop the facts relevant to the defendant's defense of outrageous government

misconduct. *See United States v. Valona*, 834 F.2d 1334, 1340 (7th Cir. 1987) (cited in *United States v. Kelley*, 152 F.3d 881, 885 (8th Cir. 1998).

The criminal complaint in this case alleges that on January 24, 2026, at approximately 10:30 am, Homeland Security personnel were "managing a large crowd" in "response to other federal officers carrying out their lawful duties in the area." (ECF No. 1-1 at 2). For context, the crowd had formed in response to the killing of Alex Pretti just an hour and half before. The complaint further alleges,

> 6. Upon arrival, a member of the team (Victim BPA) exited his vehicle and saw that the large crowd outnumbered law enforcement at that location. Victim BPA, wearing clothing and equipment that identified him as federal law enforcement, then walked up to the crowd. Victim BPA used his arms to signal the crowd to move back to a safe distance, and Victim BPA told the crowd to back up while he did so. Several crowd members refused to follow Victim BPA's lawful commands to retreat.
>
> 7. As Victim BPA pressed forward toward the remaining crowd members, Brittany STALLINGS shoved Victim BPA and punched him in the face. STALLINGS' punch resulted in a cut to Victim BPA's lip, which then began to bleed.

(ECF No. 1-1 at 3).

Pursuant to Rule 16, the Government produced the BWC video from "Victim BPA", hereafter "BPA". The BWC video shows the BPA approach an individual standing on the sidewalk with her hands up. The BPA immediately pushes the individual standing on the sidewalk. The BPA continues to push the individual backward repeatedly stating "back up". The individual falls to the ground on her back. The BPA continues to walk over the individual who is now on the ground. It is at this time that Ms. Stallings approaches and appears to stand over the individual on the ground to stop the BPA from trampling the

individual. Ms. Stallings is then pushed by the BPA. In response, Ms. Stallings pushes the BPA back and the BPA takes Ms. Stalling to the ground and arrests her.

On January 24, 2026, Ms. Stallings was exercising her First Amendment rights when a BPA pushed her. Ms. Stallings' alleged response was a reaction to the BPA's aggressive actions. Physically interfering with Ms. Stallings' First Amendment rights is outrageous government conduct. Pushing Ms. Stallings as she stood on a sidewalk is outrageous government conduct. The Government's presentation to this Court of an affidavit that does not include information that it was the BPA that made the first physical contact is outrageous. Ms. Stallings will offer the BWC video in support of her motion, but an evidentiary hearing will also help demonstrate BPA's actions created a false basis to arrest Ms. Stallings.

Dated: March 19, 2026.

Respectfully submitted,

*s / Aaron J. Morrison*
AARON J. MORRISON
Attorney No. 0341241
Attorney for Ms. Stallings
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415