UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRITTANY STALLINGS,

Defendant.

NO.: 26-mj-100 (KMM/EMB)

**MOTION TO DISCLOSE PURSUANT TO RULE 6(e)**

Brittnay Stallings, by and through her attorney, moves this Court, for disclosure of any grand jury proceedings in this case pursuant to Fed. R. Crim. P. 6(e). Specifically, Ms. Stallings moves for disclosure of: (1) any "No Bill" returned by the grand jury related to her case and (2) any testimony or evidence presented to the grand jury that resulted in a "No Bill." *See In re Grand Jury Subpoena, April, 1978, at Baltimore*, 581 F.2d 1103, 1110 (4th Cir. 1978) (stating disclosure of Grand Jury information is particularly important when there is a failure to return an indictment).

The charge in this matter was initiated by a felony criminal complaint filed on January 29, 2026. (ECF No. 1). The criminal complaint charged Ms. Stallings with violation of 18 U.S3C. § 111(a)(1) and (b). A subsequent misdemeanor information was filed on February 5, 2026. (ECF No. 12). The information charges Ms. Stallings with violation of 18 U.S.C. § 111(a)(1).

Rule 6(e)(2)(E)(ii) of the Federal Rules of Criminal Procedure allow this Court to order disclosure of grand jury proceedings, "at the request of a defendant who shows that

a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury". In this case, Ms. Stallings finds herself in the unusual place where the Government filed a criminal complaint alleging she committed a felony charge. 18 U.S.C. § 111(a)(1). Then 7 days later the Government filed an information signed only by a Special Assistant United States Attorney alleging Ms. Stallings committed misdemeanor simple assault. 18 U.S.C. § 111(a)(1). Perhaps the case was never brought before the grand jury, in that case the Government's confirmation that Ms. Stallings' case was not submitted to the grand jury moots this motion—a process that does not implicate any of the grand jury secrecy rules if a grand jury was never convened in the case. However, if Ms. Stallings' case was submitted to the grand jury, the lack of a returned indictment would form grounds for a motion to dismiss. A "No Bill" would certainly form basis to challenge the information which has been signed only by a Government attorney with no judicial oversight.

Dated: March 19, 2026.

Respectfully submitted,

*s / Aaron J. Morrison*
AARON J. MORRISON
Attorney No. 0341241
Attorney for Ms. Stallings
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415